IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

EDWARD C. SHERMAN,

        Plaintiff,        Civil Action No.
                                3:17-CV-0702 (DNH/DEP)

   v.

MATTHEW R. HOLECEK, Trooper,
and JOHN CORNELL, Trooper,

        Defendants.

---

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

EDWARD C. SHERMAN, *Pro se*
13-B-3651
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    *Pro se* plaintiff Edward C. Sherman has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against two New York State Troopers. Plaintiff's complaint, together with an accompanying application for leave

to proceed in the action *in forma pauperis* ("IFP"), have been referred to me for review.

Ordinarily, as a threshold matter, I would address plaintiff's IFP application and then proceed to analyze the sufficiency of his claims pursuant to 28 U.S.C. §§ 1915(e), 1915A. In this case, however, because plaintiff's complaint in this action is duplicative of a complaint in a previously filed action, I recommend that it be dismissed.

I.  BACKGROUND

On November 9, 2016, plaintiff commenced an action, also pursuant to 42 U.S.C. § 1983, against the County of Delaware, as well as two New York State Troopers Matthew R. Holecek and John Cornell, the two named defendants in this action. *See Sherman v. Cnty. of Delaware*, No. 16-CV-1342 (N.D.N.Y. filed Nov. 9, 2016) ("*Sherman I*"). In his complaint in that action, plaintiff alleged that his brother, Michael Sherman, either is or was at one time unlawfully holding possession of certain of his property. *Sherman I*, Dkt. No. 1 at 5. Although plaintiff contacted defendants Holecek and Cornell to assist him in retrieving his property, they refused to help. *Id.* Thereafter, plaintiff attempted to retrieve his property from his brother on his own, apparently resulting in defendants arresting him and charging him with trespass, petit larceny, and criminal mischief in the

2

fourth degree under New York State law. *Id.* at 4, 5. According to plaintiff, defendant Cornell arrested him on June 14, 2013, and charged him with trespass and petit larceny, and defendant Holecek subsequently arrested him on June 20, 2013, for trespass, petit larceny, and criminal mischief in the fourth degree. *Id.* Following the arrest on June 20, 2013, plaintiff was incarcerated for nine days until he was able to post bail. *Id.* at 4.

In *Sherman I*, plaintiff alleges that defendants Cornell and Holecek arrested him without corroboration or factual evidence and did not take into account "a multitude of exculpatory evidence and/or circumstances" before arresting him. *Sherman I*, Dkt. No. 1 at 5. According to plaintiff, all charges, which were brought in the Walton Town Court, were dismissed on November 7, 2013, for lack of evidence. *Id.* at 4.

Plaintiff's complaint in *Sherman I* asserts claims of false arrest, malicious prosecution, and denial of due process and a right to a fair trial against defendants Cornell, Holecek, and the County of Delaware.[1] *Sherman I*, Dkt. No. 1 at 5-6. Plaintiff seeks an award of $2,000,000 in compensatory and punitive damages. *Id.* at 8.

---

[1] It is unclear what "trial" plaintiff is referring to in his complaint. *See generally Sherman I*, Dkt. No. 1.

3

On June 5, 2017, I issued a report, recommendation, and order in *Sherman I*, recommending that plaintiff's complaint be accepted for filing as against defendants Cornell and Holecek, but that his claims against the County of Delaware be dismissed. *Sherman I*, Dkt. No. 14. That recommendation was adopted by District Judge Brenda K. Sannes by memorandum-decision and order dated July 11, 2017. *Sherman I*, Dkt. No. 19. In that order, plaintiff was granted leave to replead as against the County of Delaware within thirty days of the date of the order.[2] *Id.* at 2. Service has now been effectuated in *Sherman I* as against defendants Holecek and Cornell, and the Office of the New York State Attorney General has entered an appearance on behalf of those defendants. *Sherman I*, Dkt. Nos. 17, 18.

Plaintiff commenced this action on or about June 28, 2017. Dkt. No. 1. A careful reading of the complaint in this action reveals that it is identical to the complaint filed in *Sherman I*, except that plaintiff has submitted some exhibits to his complaint in this action that were not included in the earlier case, and the County of Delaware is not named as a defendant. *See generally id.*

---

[2] Plaintiff did not file an amended complaint in *Sherman I*.

II. DISCUSSION

As was noted above, this action appears to be virtually identical of another commenced in this court by Sherman against two of the same defendants on November 9, 2016. *See Sherman I*, Dkt. No. 1. As a matter of judicial discretion, "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The basis for taking such a measure stems from the desire to avoid duplicative litigation, and therefore promote judicial economy and protect parties from the vexation of concurrent litigation over the same subject matter. *Curtis*, 226 F.3d at 138. Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, courts faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). The action to be taken when such circumstances are presented, if any, "is one for the exercise of the district

court's discretion in the comprehensive management of litigation in its court." *Id.* at 139.

In this instance, the court perceives no basis for distinguishing this action from the earlier case or permitting plaintiff to pursue two suits against the same two defendants arising out of the same set of circumstances and raising similar legal arguments. Accordingly, I recommend that this action be dismissed, in the discretion of the court, without prejudice, based upon the pendency of plaintiff's prior suit.

III. SUMMARY AND RECOMMENDATION

Plaintiff's claims in this action are identical to those asserted in *Sherman I* against the same two individuals. Because that action was brought prior to the filing of the complaint in this case, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED as duplicative, and that his motion for leave to proceed without prepayment of fees (Dkt. No. 2) be DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff in accordance with this court's local rules.

Dated: August 31, 2017
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

7